MR FILED
3/20/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
R.M

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

Corey Smith

Plaintiff/Counterclaim Defendant

v.

Headway Capital, LLC

Defendant/Counterclaim Plaintiff

1:25-cv-2979
Judge Robert Blakey
Magistrate Young B. Kim
RANDOM / Cat. 3

Counterclaim Against Headway Capital, LLC for Non-Disclosure, Fraud, Unjust Enrichment, and Exploitation of Personal Information

JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Alternatively, this Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this case involves claims arising under federal law, including violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, and other federal consumer protection statutes.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events giving rise to the claims occurred within this district, including the alleged unlawful actions taken by Plaintiff.

COUNTERCLAIM AGAINST HEADWAY CAPITAL, LLC FOR NON-DISCLOSURE, FRAUD, UNJUST ENRICHMENT, AND EXPLOITATION OF PERSONAL INFORMATION

4. Plaintiff/Counterclaim Defendant, Corey Smith (hereinafter “Defendant”), hereby files this counterclaim against Headway Capital, LLC (hereinafter “Plaintiff”), asserting that Plaintiff has failed to provide sufficient proof of the alleged debt referenced in the complaint, in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq., and other relevant Illinois statutes.

5. Defendant asserts that Plaintiff has, on multiple occasions, failed or refused to provide documentation and evidence related to the loan or credit agreement. Despite Defendant’s reasonable requests for complete records, including transaction history, the original loan agreement, and any subsequent modifications, Plaintiff has failed to produce sufficient documents that substantiate the claimed debt.

6. Defendant asserts that Plaintiff's failure to provide adequate proof of the alleged debt constitutes a legal admission that no valid debt exists. Furthermore, Plaintiff lacks standing to enforce any claim in this action because they have not demonstrated ownership or assignment of the alleged debt in accordance with Illinois law and applicable federal statutes.

7. Defendant further asserts that Plaintiff has received consideration in the form of the marketability of Defendant's personal information, data, and unique identifiers, which have been exploited by Plaintiff for financial gain, including but not limited to profits, dividends, and other related benefits. This exploitation of Defendant's personal data constitutes a violation of Defendant's privacy rights and an additional basis for Defendant's claims of fraud and unjust enrichment.

8. Defendant contends that Plaintiff's actions—refusing to provide requested documentation, continuing collection attempts without proof of debt, and profiting from the use of Defendant's personal information—constitute willful misrepresentation and fraudulent conduct. By continuing to attempt collection of funds without providing the necessary evidence of a legitimate debt, Plaintiff is engaging in fraudulent conduct intended to collect funds without legal justification.

9. Additionally, Defendant asserts that Plaintiff's continued collection efforts, without any substantiated proof of the debt, amount to unjust enrichment. Plaintiff is seeking to retain funds without providing the legal basis to do so, while simultaneously benefiting from the exploitation of Defendant's personal data. These actions amount to an unjust and inequitable benefit to Plaintiff at the expense of Defendant.

10. As a result of Plaintiff's unlawful practices, Defendant requests the following relief:

- A judgment declaring that no valid debt exists between the parties.
- Dismissal of Plaintiff's complaint with prejudice.
- Damages for fraud, unjust enrichment, and the unlawful exploitation of Defendant's personal information, including any actual damages suffered as a result of Plaintiff's actions.
- An award of attorney's fees and costs incurred by Defendant in defending this action.
- An injunction preventing Plaintiff from continuing to exploit Defendant's personal data or making further collection attempts based on an invalid debt.
- Any other relief this Court deems just and proper.

Respectfully Submitted,

Corey Smith

Corey Smith

Plaintiff/Counterclaim Defendant

C. SMITH
2429 EASTROAD
DANVILLE, IL 61832

RECEIVED
MAR 20 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RECEIVED
MAR 20 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
M.R. R.M.

03202501895

EASTERN DIVISION
EVERETT McKINLEY DIRKSEN UNITED STATES COURT HOUSE
219 SOUTH DEARBORN STREET
CHICAGO, IL 60604